**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Musa Banshee, | ) | Civil Action No. 6:21-1860-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan P. Stirling, Terre K. Marshall, | ) | |
| Michael Hedgecock, Williams Akerman, | ) | |
| and Janine Davis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Plaintiff's motion for voluntary dismissal be granted. (Dkt. No. 18.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Plaintiff's motion to voluntarily dismiss all claims against all Defendants.

## I.     Background

Plaintiff is a prisoner in the South Carolina Department of Corrections. He proceeds *pro se* to bring a claim pursuant to the South Carolina Tort Claims Act "to redress the totality of deprivations of the conditions" in the Broad River Correctional Institution. (Dkt. No. 1-1 at 1.) He alleges that he and other prisoners were subjected to a one-year prison lock-down in April 2018, and that Defendants were deliberately indifferent to prisoners' requests for medical attention. (*Id*. at 4.)

Plaintiff brought this action in the Richland County Court of Common Pleas, and in June 2021, Defendants removed it to the District Court for the District of South Carolina. (Dkt. No. 1.) The Magistrate Judge issued a Proper Form Order noting that Plaintiff purported to bring claims on behalf of other similarly situated prisoners, providing that prisoners cannot bring a

lawsuit on behalf of others pursuant to the governing law in this Circuit, and directing Plaintiff to file an amended complaint setting forth only his own claims or risk dismissal for lack of proper form pursuant to Rule 41. (Dkt. No. 8.)  The Magistrate Judge reiterated that directive in a second Proper Form Order issued on July 19, 2021. (Dkt. No. 11.)  On July 22, 2021, Plaintiff mailed his motion to voluntarily dismiss all claims. (Dkt. No. 14.)  Defendants responded that they do not object to Plaintiff's voluntary dismissal. (Dkt. No. 16.)  On August 18, 2021, the Magistrate Judge filed his recommendation that Plaintiff's motion to voluntarily dismiss his lawsuit be granted. (Dkt. No. 18.)  No party objects.  On August 20, 2021, Plaintiff mailed his amended complaint to the Court, which was received and filed on August 23, 2021. (Dkt. No. 20-1.)  The amended complaint brings claims under 42 U.S.C. § 1983 only on behalf of Plaintiff and not other similarly situated prisoners. (Dkt. No. 20.)  Defendants answered the amended complaint. (Dkt. No. 21.)

## II.      Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.     Discussion

Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without prejudice, without a court order, by filing a notice of dismissal before

the opposing party serves an answer or motion for summary judgment, or by filing a stipulation of dismissal, and otherwise requires Court approval. Fed. R. Civ. P. 41(a). Plaintiff's instant filing states, "I . . . wish to voluntarily withdraw all pleading file [sic] with the Court in reference to the above action." (Dkt. No. 14.) The Clerk's Office docketed Plaintiff's voluntary dismissal as a motion event, and the Court may properly construe this *pro se* litigant's filing as a notice of voluntary dismissal. This notice of voluntary dismissal was properly filed before Defendants answered the original complaint or moved to dismiss it on summary judgment. Fed. R. Civ. P. 41(a)(1)(A). As such, Plaintiff's claims are voluntarily dismissed without prejudice. Fed. R. Civ. P. 41(A)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 18) as the order of the Court. Plaintiff's motion to voluntarily dismiss (Dkt. No. 14), which the Court construes as a notice of dismissal, is **GRANTED**. All claims against all Defendants are **dismissed without prejudice**.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

September 15, 2021
Charleston, South Carolina